UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-007-8 (JMC) |
| | : | |
| KENNETH WATTS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by its undersigned counsel, hereby files its Memorandum in Aid of Sentencing in this matter. For the reasons set forth below, the Government asks that the Court sentence the defendant to 132 months incarceration and five years of supervised release.

**I.   SENTENCING FACTORS**

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553.[1] *See Gall v. United States*, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. *See Spanziano v. Florida*, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949). Finally, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments. *See* 18 U.S.C. § 3553(a)(6).

---

[1] The draft Pre-Sentence Report (Doc. 330) (Draft PSR) found that the defendant's Guideline range is 121 to 151 months. The Government agrees with that calculation.

## II. FACTUAL BACKGROUND

This case arises from a two-year investigation by the FBI, DEA, Metropolitan Police Department (MPD), Prince Georges County Police Department (PGPD) into narcotics trafficking and gun violence in the Washington, D.C. metropolitan area. The FBI used a Confidential Informant (CI) to purchase narcotics from defendant Melvin Grayson. The FBI also utilized court authorized wiretaps on the cell phones of defendants Grayson and James Kinard. During the investigation, Grayson personally supplied the CI with approximately 120 grams of heroin, 900 grams of cocaine, 215 grams of PCP, and 200 grams of fentanyl (132 grams in pill form and 70 in powder). In search warrants executed at residences and locations used by the co-conspirators, agents recovered large amounts of PCP and other narcotics and six firearms.

Defendant Kenneth Watts' role in the conspiracy was demonstrated by the recovery of approximately six kilos of PCP from him in September of 2020. In particular, on September 23, 2020, PGPD officers interdicted a suspicious package that was destined for a "Pessy Johnson" at 4207 24th Ave, Temple Hills, Maryland. A drug dog alerted on the package. Inside the package, officers found approximately six kilograms of liquid PCP.

Officers proceeded with a controlled delivery at the address. Shortly after dropping off the package, they observed Mr. Watts pick up the box and go inside the house. Mr. Watts emerged from the house with a suitcase. After he drove away, officers pulled Mr. Watts over a few minutes from the house. They recovered the PCP from the suitcase which was in truck bed. Laboratory testing confirmed that the substance was approximately six kilos of PCP.



*Wiretap Calls, Digital Evidence, and Conspiracy*

As noted in the Draft PSR at page 9, a search of the Watts' cellphone contained text messages between Watts and the individual sending the package from California. These messages included the address the package was sent to and the name "Peggy Johnson." Watts' cellphone also showed that he had sent a message to defendant Grayson asking Grayson to call him "asap" the day before the package arrived. In addition, as shown at trial, in later calls intercepted pursuant to the wiretap, Grayson called Watts when he was attempting to obtain PCP. Draft PSR at 13-14. On May 20, 2025, after a trial that lasted approximately one week, a jury found Watts' guilty and found that he was accountable for one kilogram of PCP.

## III.  SENTENCING FACTORS

As noted above, after calculating and consulting the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). The Government addresses the relevant factors in this case below.

3

### A. Nature and Circumstances of the Offense

As the Court is well-aware, narcotics trafficking plagues our community. *See United States v. Munchel*, 991 F.3d 1273, 1283 (D.C. Cir. 2021) (recognizing that "threat of dealing drugs" represents a danger to community warranting pretrial detention); *United States v. Bell*, 209 F. Supp. 3d 275, 279 (D.D.C. 2016) (Bates, J.) (citing cases). PCP is an especially dangerous drug that often results in compulsive behavior, causing users to "become violent or suicidal."[2] PCP's effects include delusions, hallucinations, paranoia, problems thinking, a sense of distance from one's environment, and anxiety, which in high doses can cause a person to act violently.[3]

Here, defendant Watts worked with others to obtain large amounts of PCP from California and then distribute it in our community. From Watts' phone, it was also apparent that he communicated frequently with the same PCP supplier, including sending payment links and other addresses to the supplier on other occasions, suggesting he was a regular customer of bulk PCP from the California supplier. Moreover, even after law enforcement seized the six kilograms of PCP from Watts in September 2020, the wiretapped calls showed that he continued to traffic in PCP. Also, while he did not personally possess a firearm, he was certainly aware that his coconspirators would do so. Accordingly, the Government views this as a very serious offense that is deserving of a lengthy sentence.

### B. The Need to Promote Respect for the Law and Deterrence

The defendant faces a mandatory minimum sentence of ten years. The Government acknowledges that is a lengthy sentence for any non-violent conviction, especially one with Mr. Watts' criminal history. However, given the large amounts of PCP that he personally received

---

[2] PCP Fast Facts, https://www.justice.gov/archive/ndic/pubs4/4440/index.htm
[3] See https://www.ncbi.nlm.nih.gov/books/NBK424847/table/appd.t13/#:~:text=Lifetime%3A%206.3%20million%20persons%20(2.4,PCP%20in%20the%20past%20year.

from California and his continued drug trafficking even after officers seized six kilos of PCP from him, the Government believes a longer sentence is necessary.

### C. The Defendants' History and Characteristics

The defendant is 58 years old. He has worked as a landscaper and apparently sold drugs to support himself and supplement his income. He has a long history of arrests for low-level crimes, but only three, older convictions. This is by far his most serious conviction, a factor that generally weighs in favor of a lower sentence. *See, e. g., Qualis v. United States*, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and to deter future misconduct, to note the length of any previous sentences imposed."). The Government hopes that the defendant will take advantage of the BOP programs while he is incarcerated.

### D. The Need to Avoid Sentencing Disparities

A sentence within the Guidelines will generally avoid unwanted sentencing disparities among defendants who have committed similar crimes. Indeed, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Otunyo*, 63 F.4th 948, 960 (D.C. Cir. 2023) (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). The Government believes that a middle of the Guidelines sentence is appropriate in light of all the relevant factors in this case.

WHEREFORE, for the foregoing reasons, the Government asks that the Court sentence the defendant to 132 months and five years of supervised release.

<div style="margin-left: 40%;">
Respectfully submitted,

JEANINE FERRIS PIRRO  
UNITED STATES ATTORNEY

By:    <u>/s/ Nihar R. Mohanty</u>  
NIHAR R. MOHANTY  
D.C. Bar No. 436-686  
IRIS Y. MCCRANIE  
Assistant United States Attorneys  
NY Bar No. 5011234  
601 D Street, NW  
Washington, DC 20530  
(202) 252-7700  
Nihar.Mohanty@usdoj.gov  
Iris.mccranie@usdoj.gov
</div>